# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. CV 19-9720-DSF (DFM) | Date: December 13, 2019 |
| Title Micheal Steven King v. Robert Neuschmid | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On November 12, 2019, Micheal Steven King ("Petitioner"), a state prisoner, constructively filed in this Court a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Petitioner is ORDERED TO SHOW CAUSE in writing within 28 days of the service of this Order why the Petition should not be dismissed with prejudice as time-barred.

### I. State Court Proceedings

Petitioner was convicted of second-degree murder in December 2008. See Petition at 1. Petitioner did not appeal. See id. at 32. On June 14, 2019, Petitioner filed a state habeas petition with the California Supreme Court. See id.; see also Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search for Case No. S256345). On September 25, 2019, the Supreme Court denied the petition with citations to In re Robbins, 18 Cal. 4th 770, 780 (1998) (courts will not entertain habeas corpus claims that are untimely) and In re Clark, 5 Cal. 4th 750, 767-69 (1993) (courts will not entertain habeas corpus claims that are successive). See id.

### II. Timeliness of the Petition

#### A. Facial Untimeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). In most cases, the limitation period

begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Because Petitioner did not appeal, his conviction became final sometime in February 2009, 60 days following the judgment. See Cal. R. Ct. 8.308; see also Gonzalez v. Thaler, 565 U.S. 134, 154 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" under § 2244(d)(1)(A) when the time for seeking such review expires."). Petitioner had one year from February 2009 to file a timely federal habeas petition. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). Petitioner did not file the instant action until November 2019, nearly ten years too late. The Petition is thus facially untimely.

  B.  Trigger Date

From the face of the Petition, Petitioner appears to have little if any basis for contending that he is entitled to a later trigger date under 28 U.S.C. §§ 2244(d)(1)(B), (C), or (D). He does not assert that he was impeded from filing his federal petition by unconstitutional state action. See 28 U.S.C. § 2244(d)(1)(B). His claims are not based on a federal constitutional right that was newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See id. § 2244(d)(1)(C). And Petitioner does not argue that he was unaware of the factual predicates of his claims. See id. § 2244(d)(1)(D).

  C.  Statutory Tolling

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed "pending" and tolled, so long as the state petitioner proceeds from a lower state court to a higher one. See Carey v. Saffold, 536 U.S. 214, 222-23 (2002). This includes so-called "gap tolling" for the periods of time between such state habeas petitions, as long as that period is "reasonable." Id. Periods of up to 60 days are generally presumptively reasonable. See Evans v. Chavis, 546 U.S. 189, 201 (2006).

As previously discussed, nearly ten years elapsed between the finality of Petitioner's conviction and the filing of Petitioner's first state court petition for collateral review. To the extent the statute of limitations expired during this time, Petitioner's state habeas petition filed after the expiration of the statute cannot revive or otherwise toll the statute. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not

permit the reinitiation of the limitations period that has ended before the state petition was filed.").

    D.    <u>Equitable Tolling</u>

Federal habeas petitions are subject to equitable tolling of the one-year limitation period in appropriate cases. <u>See</u> <u>Holland v. Florida</u>, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented his timely filing. <u>Id.</u> at 649. "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" <u>Porter v. Ollison</u>, 620 F.3d 952, 959 (9th Cir. 2010) (quoting <u>Ramirez v. Yates</u>, 571 F.3d 993, 997 (9th Cir. 2009)).

"Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted). Consequently, equitable tolling is justified in few cases. <u>See</u> <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003). The petitioner bears the burden of demonstrating by a preponderance of the evidence that AEDPA's limitation period should be equitably tolled. <u>See</u> <u>Holt v. Frink</u>, No. 15-01302, 2016 WL 125509, at *4 (N.D. Cal. Jan. 12, 2016) (collecting cases).

Petitioner does not argue equitable tolling expressly. Rather, Petitioner seems to argue that the habeas statute of limitations is inapplicable to his allegedly "void" state court judgment. Petitioner cites several state and federal court cases for the proposition that a court may set aside a "void" judgment at any time.

Petitioner's reliance on state court cases is unhelpful, as federal law governs the equitable tolling of the habeas statute of limitations. With respect to his federal cases, they are uniformly inapplicable. Some concern the pre-AEDPA version of 28 U.S.C. § 2255, which formerly provided that a § 2255 motion to vacate a federal criminal judgment could be brought "at any time." But AEPDA amended § 2255 to eliminate the "at any time" language and to include a statute of limitations similar to § 2244. <u>See</u> <u>United States v. Garcia</u>, 210 F.3d 1058, 1059 (9th Cir. 2000). Other cases Petitioner relies on involve Federal Rule of Civil Procedure 60(b), which concerns relief from a judgment or order in a civil case, and thus has no bearing here. <u>See, e.g.</u>, <u>Petition</u> at 13 (citing <u>Orner v. Shalala</u>, 30 F.3d 1307, 1310 (10th Cir. 1994)).

**III.**    <u>Conclusion</u>

A district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of a petition, and it may summarily dismiss the petition on that or other grounds under Rule 4 of the Rules Governing Section 2254 Cases

in the United States District Courts, as long as the court gives the petitioner adequate notice and an opportunity to respond. See Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that within 28 days of the service of this Order, Petitioner show cause in writing why the Court should not dismiss this action with prejudice as time-barred. If Petitioner intends to rely on the equitable-tolling doctrine, he will need to include with his response to this Order to Show Cause a declaration under penalty of perjury stating facts showing that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649. He may submit any other evidence he deems appropriate to support his claim for tolling.

Petitioner is expressly warned that his failure to timely respond to this Order may result in his Petition being dismissed for the reasons stated above and for failure to prosecute.